UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Venable | Civil Action No. 6:16-01336 |
| versus | Judge Rebecca F. Doherty |
| Schlumberger Technology Corp, et al | Magistrate Judge Carol B. Whitehurst |

**REPORT AND RECOMMENDATION**

Before the undersigned, on referral from the district judge, is a Motion To Dismiss Pursuant To Rule 12(b)(6) filed by Defendants, Schlumberger Technology Corporation ("STC"), Smith International, Inc. ("Smith"), Schlumberger Group Welfare Benefits Plan (the "Plan") and the Administrative Committee of the Schlumberger Group Welfare Benefits Plan (the "Committee") (collectively "Defendants") [Rec. Doc. 17], Plaintiff, Jack V. Venable, Jr.'s, Opposition thereto [Rec. Doc. 26] and Defendants' Reply thereto [Rec. Doc. 33]. For the reasons that follow, the Court will recommend that the Motion be denied.

**I. BACKGROUND**

Plaintiff alleges he took disability leave on or around September 23, 2015 due to his deteriorating health. Soon after he informed his employer, STC aka Smith[1], that he was doing so, and soon after applying for such benefits, his employer terminated

---

[1] Plaintiff named STC as his employer in his original Complaint. *R. 1*. Defendants assert they have determined that Plaintiff was not employed by STC but rather was employed by a different, related company, Smith. Defendants request that the Court "take judicial notice" that Smith is in fact Plaintiff's employer, as provided in Plaintiff's pending FLSA action, *Venable, et al. v. Schlumberger Limited (Schlumberger N.V.) fka Smith International, Inc.*, Case No. 6:16-cv-00241, [Rec. Doc. 1]. The record provides that Plaintiff amended his Complaint adding Smith as an "additional defendant", asserting all allegations related to STC also against Smith. *R. 28, ¶¶ 73, 74*. In his Opposition Memorandum, Plaintiff refers to his employer as "STC aka Smith." *R. 26*. For purposes of this motion, the Court will refer to Plaintiff's employer as "STC aka Smith."

him without providing any FMLA rights, which ultimately led Metlife to deny his claim for short and long term disability benefits under STC's disability plan. Metlife, who served as the claims administrator for STC's disability plan, denied Plaintiff's claim for benefits by letter dated September 29, 2015, for the stated reason that he lacked coverage at the time he applied for disability benefits because his employment ended on September 23, 2015. Plaintiff submitted an appeal of the denial, but Metlife upheld its decision on appeal by letter of April 6, 2016. *R. 26-3*. Thereafter, Plaintiff exercised his rights to request a second, voluntary appeal of the denial of his short-term disability ("STD") benefits and approval of his long term disability ("LTD") benefits, which he submitted on September 13, 2016. Plaintiff also filed a complaint with the EEOC alleging wrongful termination of employment, for which he received a Notice of Right to Sue on September 22, 2016. *R. 26-2*.

On September 22, 2016, Plaintiff filed this lawsuit against Defendants seeking damages for the following causes of action: (1) Count I - disability discrimination under the ADA for wrongful termination due to his medical condition; (2) Count II - violation of Plaintiff's FMLA rights for failing to provide Plaintiff with FMLA leave when he was forced to stop working due to his disability; (3) Count III - wrongful termination/interference with Plaintiff's rights to employee benefits under ERISA Section 510, 29 U.S.C. 1140; (4) Count IV - damages for failing to timely provide plan documents within 30 days of written request in violation of 29 CFR 2560.503-1(j)(3); (5) Count V - wrongful denial of STD and LTD benefits; and (6) Count VI - an alternative claim for breach of contract if the Court finds that Plaintiff's claims are not in fact governed by ERISA. *R. 1, R. 28*. Plaintiff alleges that all such claims arise

from his wrongful termination of employment and/or his claim for employee welfare benefits that he is entitled to by virtue of qualifying for disability benefits (collectively referred to as "employment benefits").

Shortly after filing this action Plaintiff received a letter from MetLife on September 26, 2016 reversing its previous denial of Plaintiff's disability benefits.

At issue in this Motion is Plaintiff's action filed on February 22, 2016, prior to the instant suit, *Venable v. Schlumberger et al*, Civil Action No. 16-cv-00241. There, Plaintiff along with another named plaintiff, filed a collective action lawsuit against his employer for alleged violation of the Fair Labor Standards Act ("FLSA"), asserting that he and all others similarly situated were improperly denied overtime pay ("FLSA case").

## II. CONTENTIONS OF THE PARTIES

Defendants contend that both this case and the FLSA case involve the same Plaintiff and the same employer. They argue that because both cases arise out of Plaintiff's employment relationship with his employer, the cases arise from the same nucleus of operative facts, and should be dismissed under the doctrine of claim splitting. Defendants further argue this action should be dismissed because Plaintiff has failed to exhaust his administrative remedies related to his ERISA claims.

Plaintiff asserts all of the claims asserted in this lawsuit are based on Plaintiff's employer's wrongful termination of his employment, failure to timely provide plan documents and the wrongful denial of his disability benefits. He asserts that these causes of action are entirely different from and have nothing to do with the FLSA collective action in which he and others similarly situated have asserted claims based

3.

on their employer's failure to pay overtime compensation for hours worked in excess of 40 hours per week. He further contends that the legal standards and pertinent facts applicable to this case are not applicable to those in the collective action.

### III. LAW AND ANALYSIS

*A. Legal Standards*

    *1. Motion To Dismiss*

Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205.

When deciding a 12(b)(6) motion to dismiss, the court "must consider the complaint in its entirety, as well as ... documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Collins v. Morgan*

4.

*Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("[W]e note approvingly, however, that various other circuits have specifically allowed that '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

*2. Claim Splitting*

"Claim-splitting occurs when a single cause of action is split by advancing one part in an initial suit and another part in a later suit. Such splitting may subject the second claim to preclusion." *FDIC v. Nelson*, 19 F.3d 15 at *2 n .5 (5th Cir. 1994). To determine what constitutes the same claim or cause of action the court applies the same transaction test, i.e., whether the earlier and later claims are "based on the same nucleus of operative fact.'" *Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir.1992). "The rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action. In a claim splitting case, the second suit will be barred if the claim involves the same parties and arises out of the same transaction or series of transactions as the first claim." *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 2014 WL 4693068, at *4 (E.D.La.,2014)." When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint *may* be dismissed." *Id.* (citing *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir.1985) (Court exercising its discretion in refusing to dismiss second lawsuit and keeping the two related lawsuits separate) (emphasis added).

5.

*B. Discussion*

Defendants contend that this case involves the same parties as the FLSA case and that both cases arise from the same nucleus of operative facts—Plaintiff's employment relationship with STC aka Smith. In support of their Motion, Defendants rely on the Tenth Circuit case *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1237 (10th Cir. 1992). In *Clark*, the court concluded that the transactional test was satisfied because the claims in each case were predicated on the plaintiff's employment. *Id.* at 1239. The plaintiff first sued her former employer under the FLSA seeking to recover unpaid overtime compensation. *Id.* at 1236. Three months after the issuance of a stipulated order dismissing the action with prejudice, the plaintiff sued her former employer for wrongful termination under the ADEA and for violations of the Equal Pay Act. *Id.* On appeal, the Tenth Circuit held that the district court erred in failing to hold that the plaintiff's second claim was precluded by the first since both were based upon a single transaction—the employment relationship. *Id.* at 1239.

Following the opinion in *Clark*, a different panel was faced with facts that were indistinguishable from those presented in *Clark*. *See, Yapp v. Excel Corp.*, 186 F.3d 1222 (10th Cir.1999). In what appears to be a reluctant result, the panel followed the *Clark* decision. *Id.* at 1228 (noting that "[n]o other court applying the transactional test has held that suits arising from the same employment relationship are thereby necessarily grounded upon the same transaction," but that the panel "cannot overrule" the *Clark* panel).

Since its decision in *Yapp*, however, the Tenth Circuit has retreated somewhat from the results in *Yapp* and *Clark*. *See Mitchell v. City of Moore, Oklahoma*, 218

6.

F.3d 1190, 1202 (10th Cir.2000). In *Mitchell*, the Tenth Circuit expressly agreed with "those courts holding the doctrine of claim preclusion does not necessarily bar plaintiffs from litigating claims based on conduct that occurred after the initial complaint was filed." *Id.* at 1202–03 (citing *Johnson v. Board of County Comm'rs of Johnson County, Kansas*, 1999 WL 1423072, at *3–4 (D.Kan. Dec.9, 1999)).

In *Johnson*, the plaintiff filed his first lawsuit alleging race and gender discrimination. *Johnson*, 1999 WL 1423072, at *1. Four months after the plaintiff filed that suit, his employer allegedly retaliated against him in several respects. *Id*. The plaintiff did not attempt to amend his complaint or file a supplemental pleading to add a retaliation claim to his lawsuit. Instead, he filed a new charge of discrimination. *Id*. Two months after the court entered summary judgment in favor of the defendant on all claims in the first lawsuit, the plaintiff received a notice of right-to-sue with respect to his retaliation claims and filed a second lawsuit. *Id*. The defendant in the second *Johnson* lawsuit filed a motion to dismiss the plaintiff's retaliation claims based on the doctrine of claim preclusion. *See id.* at *2. The court denied the motion on the grounds that "the facts underlying plaintiff's claims asserted here did not exist at the time plaintiff filed his complaint in Johnson I." *Id.* at *3. As the court explained:

> Because a plaintiff has no obligation to expand his or her suit in order to add a claim that he or she could not have asserted at the time the suit was commenced, several circuits have held that res judicata does not bar a second lawsuit to the extent that suit is based on acts occurring after the first suit was filed.

*Id*. at *3.

7.

Neither of the parties cite Fifth Circuit jurisprudence in support of their positions related to the alleged claim splitting issues arising from the employment discrimination case at bar and Plaintiff's previous FLSA case. The Court notes a dearth of cases specifically on point. In *Towns v. Northeast Mississippi Elec. Power Ass'n*, 478 Fed.Appx. 244, 248 at *3 (5th Cir. 2012) (unpublished), however, the underlying facts were nearly identical to those in this case.[2] In *Towns*, the district court considered on summary judgment the defendant's contention that the plaintiff's suit, which alleged an FMLA violation, should be dismissed based on the plaintiff's earlier suit, which alleged a violation of the FLSA. *Towns v. Northeast Mississippi Electric Power Ass'n*, 2011 WL 839759, at *2 (N.D.Miss. 2011). The district court held that the FLSA action did not arise from the same nucleus of operative facts as the FMLA action before it, and the doctrine of *res judicata* did not bar the plaintiff "from bringing it now." *Id.* The court explained that the employer's failure to provide plaintiff with disability leave under the FMLA in no way would have supported the first suit under the FLSA for failure to pay the plaintiff overtime for work she performed outside of normal hours. *Id.*

On appeal, primarily from the district court's dismissal of the plaintiff's FMLA claim, the defendant argued in the alternative that the plaintiff's FMLA claim should be barred because of the earlier FLSA suit. Although the Fifth Circuit reversed the district court's dismissal on summary judgment of the plaintiff's FMLA claim, the Court rejected the defendant's *res judicata* argument and agreed with the district

---

[2] Unpublished opinions from the Fifth Circuit are not definitive resolution of contested issues, but may be persuasive. *Ballard v. Burton*, 444 F.3d 391, 401 n. 7 (5th Cir. 2006).

court that the plaintiff's earlier FLSA suit "did not arise from the same nucleus of operative facts as the FMLA claim." The Fifth Circuit stated,

> Towns did not claim in both suits that her 2007 termination was wrongful but under different legal theories. Although both claims implicated Towns's employment with [the employer] generally, the critical allegations of the FLSA claim were that [the employer] failed to pay Towns for hours performed outside of normal hours and lacked a policy to account for hours worked before or after an employee's shift. The FMLA claim alleged that [the employer] terminated Towns when she was still eligible for twelve more weeks of leave. The factual scenarios of the two actions are not parallel.

*Towns*, 478 Fed.Appx. at 248(citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir.1994)).[3]

Here, the undersigned is guided by the Fifth Circuit's language in *Towns* and finds that Plaintiff's employment benefits claims in the action at bar do not arise from the same nucleus of operative facts as Plaintiff's earlier FLSA suit. Although both claims implicated Plaintiff's employment with STC aka Smith generally, as noted by the Fifth Circuit—the critical allegations of the FLSA claim were that his employer failed to pay Plaintiff for hours performed outside of normal hours and failed to account for hours worked overtime. Plaintiff's employment benefits claims allege that Plaintiff's employer wrongfully terminated him when he informed his employer he would file a claim for disability, thereby terminating his rights under the FMLA and

---

[3] In considering whether the two actions were based on the same nucleus of operative facts the *Agrilectric* court stated, "'Under this approach, the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts.' If the factual scenario of the two actions parallel, the same cause of action is involved in both. The substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence needed do not inform this inquiry." *Id.* at 665 (quoting *Matter of Howe,* 913 F2d 1138, 1144 (5th Cir. 1993)).

his ERISA Plan for disability benefits. The factual scenarios of the two actions are not parallel.

Moreover, as evidenced by Defendants' claim that Plaintiff's ERISA claim should be dismissed, Plaintiff was precluded from filing suit until he exhausted his administrative remedies related to his ERISA claim for disability benefits and his ADA claim. The record reflects that a right to sue letter from the EEOC with regard to Plaintiff's ADA claim was issued on September 22, 2016, *R. 26-2*, and as a result of his final appeal, Metlife approved Plaintiff's disability claims on September 26, 2016, *R. 26-4*. Both of these action occurred *after* Plaintiff filed the FLSA case.

Finally, "[d]ismissal of this action is not required under the rule against claim splitting. Federal Rule of Civil Procedure 18 does not impose a strict requirement [] to bring all possible claims in one action. Additionally, other courts recognize an exception to the rule against claim splitting for class actions and the discretion entrusted to the court to manage its own docket." *Verde v. Stoneridge, Inc.*, 137 F.Supp.3d 963, 974 (E.D.Tex., 2015). Here, other potential plaintiffs with overtime claims but without employment discrimination claims may exist, so filing a separate collective action suit provides members of the putative class a chance for relief. The risks of "duplication, rulings that may trench upon the authority of sister courts, and piecemeal resolution of issues that call for a uniform result," which the rule against claim-splitting operates to prevent, are not implicated here. *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 2014 WL 4693068, at *5.

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' Motion To Dismiss Pursuant To Rule 12(b)(6) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Thus done and signed this 26th day of January, 2017 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE