# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Venable | Civil Action No. 16-01336 |
| versus | Unassigned District Judge |
| Schlumberger Technology Corporation, et al | Magistrate Judge Carol B. Whitehurst |

## ORDER

This is an action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001 et. seq. Metropolitan Life Insurance Company ("MetLife") filed a Motion To Dismiss, Or Alternatively Motion For Summary Judgment against Plaintiff, Jack V. Venable, Jr. [Rec. Doc. 51] to dismiss the allegations against it in Counts IV, V and VI of Plaintiff's Complaint, Plaintiff filed an Opposition [Rec. Doc. 53], MetLife filed a Reply [Rec. Doc. 58] and Plaintiff filed a Sur-reply [Rec. Doc. 60]. For the following reasons, the motion to dismiss Plaintiff's claims for attorney's fees, statutory penalties and breach of contract is granted.

## *I. Background*

Plaintiff took disability leave from his employment with Schlumberger Technology Corporation ("STC") aka Smith International Inc. ("Smith") on or about September 23, 2015, due to chronic ankle and back pain and post traumatic stress disorder. *R. 1, ¶ 8*. STC established the Schlumberger Group Welfare Benefit Plan (the "Plan"), to provide short term disability ("STD") and long term disability ("LTD") benefits to its eligible employees. *R. 51, Exh. A., pp.* 001-0029. The Plan is an employee welfare benefit plan governed by the Employee Retirement Income

Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.* ("ERISA"). *Id., ¶¶ 2, 3, 6, 7, 47-53, 54-63*. As an employee of STC Plaintiff was eligible to and did participate in the Plan. *R. 1, ¶ 1*. The STD and LTD benefits payable under the Plan are self-funded by STC, and MetLife is the former claims administrator for the Plan.[1] *R. 58, p. 1*. As the claims administrator, MetLife adjudicated STD and LTD claims and determined eligibility for benefits, but had no liability for the payment of benefits. *R. 51-1*.

Plaintiff instituted a claim for STD benefits on September 23, 2015. *R.1, ¶ 16*. By letter dated September 29, 2015, MetLife informed Plaintiff that his claim for STD benefits was denied. *Id at ¶ 18*. Plaintiff appealed the denial of the claim for STD Benefits. *Id at ¶ 18*. By correspondence dated April 6, 2016, MetLife denied Plaintiff's appeal for STD benefits based upon a lack of coverage as he was terminated before he applied for disability benefits. *Id at ¶ 20.* Thereafter, Plaintiff submitted an undated appeal letter to MetLife stating he had applied for disability benefits before being terminated from his employment. *R. 53-3*. In his letter, Plaintiff also requested that MetLife "provide me with a copy of the documents, records, or other information you have that are relevant to my claim." *Id.* MetLife's April 6, 2016 correspondence acknowledged Plaintiff's February 22, 2016 appeal request and receipt of his appeal letter on March 10, 2016, but maintained that Plaintiff's STD benefits must be denied pursuant to the terms of the Plan ["*When Coverage Ends",* SPD-013] because the records indicated he was terminated before he applied for disability. *Id. 53-4*. MetLife advised Plaintiff of his "second level of appeal" which

---

[1] MetLife represents that, since Plaintiff's claims for benefits were adjudicated, STC has replaced MetLife with a new claim administrator for the Plan. *R. 51, 58.*

had to be made to the Company in writing. *Id.* MetLife explained that "[t]he Company has the responsibility to interpret the Plan and will make a final determination" regarding his right to a benefit under the Plan. *Id.* Also MetLife further advised Plaintiff that he must make a written request for documents relevant to his claim and they will be provided free of charge. *Id.*

On September 22, 2016, prior to the decision on the second level of appeal, Plaintiff filed this lawsuit alleging employment and ERISA-related claims against STC, the Plan, the Administrative Committee of the Plan, Smith and MetLife. While the Complaint principally asserted employment law-related claims against the Schlumberger defendants, it also alleged causes of action against MetLife for failure to timely deliver Plan documents in violation of 29 U.S.C. §1132(c), *R. 1, Count V,* and wrongful denial of STD and LTD benefits, *R. 1, Count IV.*[2]

On September 26, 2016, MetLife issued a letter approving Plaintiff's claim for STD benefits. The record indicates that Plaintiff's Complaint was filed while his claim for STD benefits was pending on administrative appeal and prior to the commencement of a claim for LTD benefits. *R. 58-1, Exh. E.* Specifically, the Complaint, Summons and a Request for Waiver of Service ("Summons package") was submitted to MetLife through the Louisiana Secretary of State on September 26, 2016. *Id.* The Summons package was received by the Secretary of State on September

---

[2] It is undisputed that Plaintiff's Complaint mis-numbered the claims such that there are two claims numbered "*Count IV*." Thus, the claim erroneously numbered IV for the second time is referred to as "*Count V*."

30, 2016, and was transmitted to MetLife by the Secretary of State on October 3, 2016.[3] *Id.*

As stated above, the administrative appeal resulted in a determination awarding STD benefits to Plaintiff before Plaintiff's lawsuit was served on MetLife. Thereafter, on October 10, 2016, Plaintiff submitted a claim for LTD benefits. *R. 51-2, Exh. C.* By letter dated January 4, 2017, MetLife communicated to Plaintiff that his claim for LTD benefits was approved. *Id at Exh. D.* Thus, Plaintiff's claim for wrongful denial of STD and LTD benefits is without merit because he has received such benefits. *R. 1, Count IV.* As discussed below, however, Plaintiff states in his Opposition that his claim under Count IV is also for attorney's fees, costs and interest. The Court will address each of these allegations.

Plaintiff also alleged a claim against MetLife for failure to timely deliver Plan documents in violation of 29 U.S.C. §1132(c), *R. 1, Count V.* The Plan identifies the Administrative Committee as the "Plan Administrator" and states that "[t]he Plan is to be administered by the Plan Administrator." *R. 51-2, Exh. A, SPD-019.* The Plan further identifies the "Claims Administrator" as MetLife. *Id.* Pursuant to the express terms of the Plan, as well as 29 U.S.C. § 1024(b)(4), documents are to be obtained "[u]pon written request to the Plan Administrator." *Id.* The Court will further address Plaintiff's claim under Count V.

---

[3] Plaintiff contends that insurers such as MetLife "routinely set up a notification process that alerts them whenever a new lawsuit is filed against it anywhere in the country." *R. 60, p. 1.* Plaintiff's failure to provide any support for this statement renders it mere speculation.

Finally, Plaintiff alleged in Count VI a breach of contract claim. *R. 1, Count VI(erroneously labeled "Count V", see F.N.2)*. Apparently acknowledging that such state law claims are preempted by ERISA, Plaintiff states in his Opposition that only Counts IV and V apply to MetLife. "Count VI [was] an alternative claim for breach of contract if the Court finds that Plaintiff's claims are not in fact governed by ERISA." *R. 53, p. 3*. The Court will not address Count VI.

## II. 12(b) Standard of Review[4]

MetLife does not assert whether it's motion is filed under Rule 12(b)(1) or 12(b)(6). Even if the Court finds there is lack of jurisdiction, it will also consider whether Plaintiff has failed to state a claim. When reviewing a Rule (b)(1) or Rule 12(b)(6) motion to dismiss,[5] the Court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Hines v. Alldredge*, 783 F.3d 197, 200–01 (5th Cir. 2015). Even so, a complaint must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

---

[4] As the Court's determination in this case is limited to the complaint and documents incorporated into the complaint by reference, and matters of which a court may take judicial notice, Plaintiff's claims will be considered under Rule 12(b). *Dorsey v. Portfolio Equities, Inc*., 540 F.3d 333, 338 (5th Cir. 2008)

[5] A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

Although the complaint need not set out "detailed factual allegations," it must set forth something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"—including public records. *Dorsey, supra*. Furthermore, as here, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000).

*III. Analysis*

MetLife files this motion seeking the dismissal of plaintiff's suit against it on the grounds that: (1) as Plaintiff's STD and LTD benefits were approved during the administrative process pursuant to the terms of the Plan, Plaintiff's demand for benefits is moot and as there is no issue in controversy, the claim for benefits should be dismissed as the court is without subject matter jurisdiction to consider the claim, and (2) as the Plan and ERISA specifically state that Plan documents are to be obtained from the Plan Administrator, the Administrative Committee, MetLife had no legal obligation to provide Plan documents to Plaintiff. The claim that Plaintiff is entitled to statutory penalties from MetLife should be dismissed as a matter of law.

*A. STD and LTD Benefits and Attorney's Fees*

Based on the undisputed facts as provided above, at the time that Plaintiff filed the instant lawsuit, an administrative appeal of Plaintiff's claim for STD benefits was pending and Plaintiff had not yet made an administrative claim for LTD benefits. By the time MetLife was served with the Complaint, Plaintiff's STD benefits had been awarded. Also, Plaintiff did not file a claim for LTD benefits until after the Complaint and those benefits were approved. Thus, the remedies sought in Count V of Plaintiff's Complaint have been awarded through the administrative process. As Plaintiff seeks the overturn of the denial of his STD benefits and LTD benefits, such claims are now moot as there is no case or controversy before the Court.

A defendant's action that "accords all the relief demanded by the plaintiff" moots the controversy. *See* 13B Charles Alan Wright et al., Fed. Prac. & Proc. Juris. § 3533.2 (3d ed.2011). In other words, "[s]o long as nothing further would be ordered by the court, there is no point in proceeding to decide the merits." Id. As the Fifth Circuit has stated,

> [a]n actual case or controversy must exist at every stage in the judicial process. Because federal courts cannot give opinions on moot questions or abstract propositions, an appeal must be dismissed when an event occurs while a case is pending on appeal that takes it impossible for the court to grant any effectual relief whatever to a prevailing party.... Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness). A claim becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.

*Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir.2008). More specific to this ERISA case, a defendant's reinstatement of a plaintiff's benefits renders moot a complaint seeking such benefits. *See Lemons v. Reliance Standard Life Ins. Co.*, 534 Fed.Appx. 162 (3rd Cir.,2013) (issue of whether ERISA plan administrator had arbitrarily terminated long-term disability benefits of plan participant was resolved when participant's benefits were reinstated while case was pending, and thus case was moot).

In his Opposition, Plaintiff argues his claim for benefits is not moot because he still has a claim for attorney's fees, interest and costs. *R. 53.* He contends, "[i]f the Court were to allow MetLife out of this suit without having to face an attorney fees motion, it would send the message to insurers such as MetLife that it can deny legitimate claims." *Id, p. 5*.

MetLife disputes Plaintiff's claim for attorney's fees contending that any attorney fees incurred were for work performed while the administrative review process was ongoing, from September 23, 2015 to January 4, 2017, and ERISA does not permit recovery of attorney's fees for legal work performed during the administrative phase. The Court agrees. The jurisprudence is well settled[6] that the fees and costs incurred during administrative proceedings before suit is filed are unavailable under section 1132(g)(1). *Payne v. Hartford Life & Acc. Ins. Co.*, 2008 WL 3833874, at *3 (W.D.La.,2008) ("attorney's fees incurred during the administrative process are not recoverable") (citing *Cann v. Carpenters' Pension Trust Fund*

---

[6] While the Fifth Circuit has not addressed whether an attorney is entitled to fees incurred during the claims process for ERISA claims, all other circuit courts to have addressed the issue have concluded that fees incurred during the administrative process are not recoverable.

*For Northern California*, 989 F.2d 313 (9th Cir.1993); *Anderson v. Proctor & Gamble Co.*, 220 F.3d 449 (6th Cir.2000); *Hahnemann University Hosp. v. All Shore, Inc.*, 514 F.3d 300, 313 (3rd Cir.2008); *Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1010–11 (8th Cir.2004); *Rego v. Westvaco Corp.*, 319 F.3d 140,150 (4th Cir.2003); *Peterson v. Cont'l Cas. Co.*, 282 F.3d 112, 119–21 (2nd Cir.2002)); *Johnson v. Prudential Ins. Co. of America*, 2008 WL 901526, at *9 (S.D.Tex.,2008) (same).

B. *Statutory Penalties*

As to Plaintiff's Count IV claim for statutory penalties under 29 U.S.C. § 1132(c) based on MetLife's purported failure to supply Plaintiff with Plan documents, the Court finds that MetLife as the Claims Administrator had no such duty. 29 U.S.C. § 1132(c)(1)(B) provides that "[a]ny administrator ... who fails or refuses to comply with a request for any information which such administrator is required by [ERISA] to furnish to a participant or beneficiary ... may in the court's discretion be personally liable to such participant or beneficiary" for civil penalties up to $100 per day. ERISA defines the term "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated," or, "if an administrator is not so designated, the plan sponsor." § 1002(16)(A). Here, the Plan clearly demonstrates that MetLife is not the designated or named Plan administrator and MetLife is not the Plan sponsor or employer.

Nevertheless, Plaintiff contends that MetLife became the *de facto* plan administrator by "performing the duties of the plan administrator" as evidenced by its letters to Plaintiff denying and approving benefits. The Fifth Circuit's holding

9.

in *Connecticut General Life Insurance Company v. Humble Surgical Hospital, L.L.C.*, 878 F.3d 478, 486 (5th Cir. 2017) is contrary to Plaintiff's argument that the Fifth Circuit "acknowledges that MetLife could be held responsible for penalties as *de facto* administrator." As the Fifth Circuit stated in *Humble,*

> The Fifth Circuit has never adopted the *de facto* plan administrator theory. . . . The de facto administrator argument has been flatly rejected by at least eight circuits. Another two circuits have refused to extend the de facto administrator doctrine to an insurance company involved in claims handling, We find these cases persuasive.. And we see no reason to create a circuit split.

Thus, Plaintiff has failed to state a claim for statutory penalties and his allegation under Count IV must be dismissed.

For the foregoing reasons,

**IT IS ORDERED** that Metropolitan Life Insurance Company's Motion To Dismiss against Plaintiff, Jack V. Venable, Jr. [Rec. Doc. 51], is GRANTED and Plaintiff, Jack V. Venable, Jr.'s claims for STD and LTD benefits and attorney's fees, costs and interest under Count V, and for statutory penalties under Count IV of his Complaint are dismissed.

THUS DONE AND SIGNED at Lafayette, Louisiana this 13th day of April, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE